No. 152

SCOTT v. WHALEN

Ohio Appeals, 6th Dist., Lucas Co.

No. 1623.  Decided Jan. 4, 1926

941.  PRACTICE AND PROCEDURE—1. Presence of trial judge during argument is necessary.

2.  Written requests stating law pertinent to issue must be submitted to jury.

3.  Remarks concerning evidence must be confined to that brought out by testimony during trial.

YOUNG, J.

This action was brought in the Lucas Common Pleas by Manosh Scott against Thomas Whalen to recover damages for personal injuries sustained by him, alleged to have been received when struck by an automobile owned by Whalen.

Mr. Meck, one of the attorneys for Scott, before the trial, some time after the collision, obtained a written statement, signed by the driver, stating that at the time of the collision he was traveling at about 25 to 30 miles per hour, and that he was about twenty feet from Scott before he first noticed him.

The driver was called by Scott as his witness, and on the stand testified that he was ten feet away when he first noticed him, and that he was driving at about 18 miles per hour.  Counsel for Whalen objected to any questioning of the driver regarding this signed statement.

During argument to the jury, counsel for Whalen referred to the written statement as not being introduced in evidence, to which line of argument counsel for Scott objected.  The trial judge threatened to send said counsel to jail for any further interruptions.

Further in the argument the counsel for Whalen asked the jury how it happened that, Meck who had taken this written statement, had not been called as witness, whereupon counsel for Scott again objected.  Trial judge, in severe and heated statements, again threatened to send said counsel to jail for any fur-

ther interruptions. Counsel for Whalen, during argument to the jury, made various statements which were not justified by the evidence introduced. It appears that trial judge was absent from the room during argument to jury, being called in to rule on the interruption of said arguments.

Scott prosecuted error to the Court of Appeals on the grounds that the court erred in being absent from the room during argument; that counsel for Whalen was guilty of misconduct in remarks to the jury regarding the statement as to the omission of the written statement of the driver; that said counsel was guilty of misconduct in remarking to the jury regarding such evidence as was not plainly brought out by the testimony; that such remarks were prejudicial to the rights of Scott.

Scott further excepted to the refusal of the trial court to submit certain written requests to the jury before argument, these requests being statements of the law pertinent to the issue. The Court of Appeals held:

1. The judge of a court of Common Pleas is an essential part of the court, and his presence during the trial is necessary to its proper conduct. He should be at all times within sight and hearing of the proceedings. His absence is regarded as an error. 73 OS. 195.

2. In view of the fact that a written statement cannot be introduced to impeach one's own witnesses, it was prejudicial error to permit remarks regarding such omission to be made in the arguments.

3. Remarks by counsel during argument, stating evidence not brought out in testimony, are prejudicial to rights of other party to action and should not have been admitted.

4. Written requests, which accurately state the law and are pertinent to the issues, and which are asked to be given in advance of arguments, should be submitted to the jury, and it is error on the part of the court to refuse the same.

Judgment reversed.

Attorneys—Chas. A. Thatcher and Chester A. Meck for Scott; Larry Bevan for Whalen; all of Toledo.